**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

GERALD LEVINE, individually and　　　:
on behalf of all others similarly　　:
situated,　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Plaintiff,　　　　:
　　　　　　　　　　　　　　　　　　　:
vs.　　　　　　　　　　　　　　　　　:　　CIVIL ACTION
　　　　　　　　　　　　　　　　　　　:　　NO. 95-690 JJF
METAL RECOVERY TECHNOLOGIES, INC.,　:
formerly known as　　　　　　　　　 :
MALVY TECHNOLOGY, INC.,　　　　　　 :
J. STEPHEN SMITH, ROY PEARCE,　　　 :
WILLIAM M. GREENWOOD, and　　　　　 :
MICHAEL LUCAS,　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Defendants.　　　 :
　　　　　　　　　　　　　　　　　　　:

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

GERALD LEVINE, individually and　　　:
on behalf of all others similarly　　:
situated,　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Plaintiff,　　　　:
　　　　　　　　　　　　　　　　　　　:
vs.　　　　　　　　　　　　　　　　　:　　CIVIL ACTION
　　　　　　　　　　　　　　　　　　　:　　NO. 96-525 JJF
METAL RECOVERY TECHNOLOGIES, INC.,　:
et al.　　　　　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Defendants.　　　 :
　　　　　　　　　　　　　　　　　　　:

---

**ORDER PRELIMINARILY APPROVING SETTLEMENT AND DISMISSALS AND**
**APPROVING NOTICE OF CLASS ACTION SETTLEMENT HEARING**

　　　　　　Upon all prior proceedings had herein, and upon reviewing

Plaintiff's Motion for Preliminary Approval of Settlement, Dismissal of

Certain Claims, Approval of Notice to Class, and Scheduling of Final

Hearing,

IT IS HEREBY ORDERED this _____ day of August 2005:

1.    This Court preliminarily approves the proposed settlement with Defendant Barron Chase Securities, Inc. and the dismissals described in Plaintiff's Motion for Preliminary Approval of Settlement, Dismissal of Certain Claims, Approval of Notice to the Class, and Scheduling of Final Hearing as being fair, reasonable and adequate to the Class, subject to further consideration at the hearing scheduled below.

2.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby conditionally certifies the claims against Barron Chase in Civil Action No. 96-525 for class action treatment, on behalf of a class consisting of all persons who purchased the securities of Malvy Technology, Inc. during the period from July 7, 1993 through and including May 24, 1995, excluding defendants, their affiliates, principals and owners, any entity in which any defendant had or has a controlling interest, and the legal representatives, heirs, successors or assigns of any of the foregoing excepted persons (hereafter, "the Barron Chase Settlement Class" or the "Class"). In that regard, the Court finds, subject to a further hearing on these issues, as follows:

a.    the Class appears to consist of over 100 persons and is so numerous that joinder of all its members is impracticable;

b.    there are questions of law and fact common to the Class;

c.    the claims of the representative plaintiff are typical of the claims of the Class;

2

d.    the representative plaintiff will fairly and adequately protect the interests of the Class;

e.    the common questions of law and fact predominate over questions affecting individual members of the Class; and

f.    a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

3.    Within thirty (30) days of the date hereof ("the Mailing Date"), plaintiff shall, at his expense, cause a notice in the form attached as Exhibit A hereto ("the Notice") to be reproduced and mailed by first-class mail, postage prepaid, to (1) each person who has previously submitted an approved claim in this action; and to (2) each person identified on the records provided by Defendant Barron Chase as a potential member of the Class.

4.    Plaintiff's counsel shall file with the Court an Affidavit of Mailing within ten (10) days of the mailing date referred to in paragraph 3, above, attesting to the mailing of the Notice.

5.    Any member of the Barron Chase Settlement Class desiring to participate in the Settlement Fund shall submit a completed, signed Proof of Claim and Release, in the form set forth in Exhibit A, postmarked or otherwise submitted by the date set forth in the Notice (which shall be 90 days after the Mailing Date), to a post office box to be established and maintained by plaintiff's counsel.

6.    Any Class member wishing exclusion from the Barron Chase Settlement Class must direct a written request for exclusion to the post office box to be maintained by counsel for plaintiff, postmarked no later than sixty (60) days from the Mailing Date, which date shall

3

be inserted in the printed form of notice. Any Class member who does not request exclusion by such date shall be included within the Class. A request for exclusion must state the name and address of the requestor and must identify by date, number of shares and prices all transactions by such person in Malvy stock during the Class Period. On or before eighty (80) days from the Mailing Date, plaintiff shall file with the Court and serve a list of the names and addresses of the Class members who have requested exclusion, and shall provide any counsel upon request with copies of all exclusion requests.

7.    Notice given in the form and manner provided herein is found to be due, adequate and sufficient notice, and the best notice practicable under the circumstances, and shall constitute the notice required by Rule 23 of the Federal Rules of Civil Procedure.

8.    The costs of the notice required by paragraph 3, above, as well as the costs of the prior notice disseminated in Civil Action No. 95-690, may be paid from the Settlement Fund without further Court approval.

9.    A hearing shall be held before the undersigned at _____ A.M. on _____, 2005, in Courtroom ___, United States Courthouse, 844 North King Street, Wilmington, Delaware 19801, on the fairness, reasonableness and adequacy of the proposed settlement and on the proposed dismissal of this action against defendants Barron Chase, Gary Salter, and Lawrence Turel, and the request for allowance of plaintiff's attorneys' fees, costs, and disbursements, as well as with respect to the status of the MRTI bankruptcy and plaintiff's plans with respect to distribution of the settlement proceeds.

4

10.    Any member of the Barron Chase Settlement Class who has not requested exclusion from the Class may appear at such hearing in person or by counsel and be heard in support of, or in opposition to, the fairness, reasonableness and adequacy of the proposed settlement, the fairness of the proposed dismissals, and/or the requested allowance of plaintiff's attorneys' fees, costs and disbursements; provided, however, that no person shall be heard in opposition to the proposed settlement, the dismissals, or the requested allowance of plaintiff's attorneys' fees, costs and disbursements, and no paper or brief submitted by any such person shall be received or considered by the Court unless, not less than ten (10) days prior to the date of hearing, such person shall file with the Clerk of this Court a notice of his intention to appear, proof of membership in the Barron Chase Settlement Class, a statement of the position which such person intends to assert and copies of all documents to be submitted in support thereof, along with proof of service (i.e., a statement that he has served by either first-class mail or in person) of copies of such notice and papers upon each of the following: David B. Zlotnick, 1010 Second Avenue, Suite 1750, San Diego, California 92131; and Norman M. Monhait, Esquire, Rosenthal, Monhait, Gross & Goddess, P.A., Citizens Bank Center, Suite 1401, P.O. Box 1070, Wilmington, Delaware 19899-1070, counsel for plaintiff and the Class. The parties shall be afforded the opportunity to respond in writing to any such submissions to the Court.

11.    The plaintiff and defendants are hereby directed to file any briefs and other papers with respect to the proposed settlement,

5

dismissals, and award of attorney's fees and costs at least twenty (20) days prior to the date of hearing.

12.    Plaintiff's attorneys are hereby directed to file and serve their application for an allowance of attorney's fees, costs and disbursements at least twenty (20) days prior to the date of hearing.

13.    The Court reserves the right to continue or adjourn the date of the Hearing and any adjournment thereof without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement and dismissals.

<div style="margin-left: 50%;">
_____<br>
The Honorable Joseph J. Farnan<br>
U.S. District Judge
</div>

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GERALD LEVINE, individually and  :
on behalf of all others similarly  :
situated,                          :
                                   :
                Plaintiff,         :
                                   :
vs.                                :        CIVIL ACTION
                                   :        NO. 95-690 JJF
METAL RECOVERY TECHNOLOGIES, INC., :
formerly known as                  :
MALVY TECHNOLOGY, INC.,            :
J. STEPHEN SMITH, ROY PEARCE,      :
WILLIAM M. GREENWOOD, and          :
MICHAEL LUCAS,                     :
                                   :
                Defendants.        :
                                   :

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GERALD LEVINE, individually and  :
on behalf of all others similarly  :
situated,                          :
                                   :
                Plaintiff,         :
                                   :
vs.                                :        CIVIL ACTION
                                   :        NO. 96-525 JJF
METAL RECOVERY TECHNOLOGIES, INC., :
et al.                             :
                                   :
                Defendants.        :
                                   :

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT, SETTLEMENT HEARING, AND RIGHT TO APPEAR

TO: ALL PERSONS WHO PURCHASED SHARES OF THE COMMON STOCK OF MALVY TECHNOLOGIES, INC. (NOW KNOWN AS METAL RECOVERY TECHNOLOGIES, INC.) DURING THE PERIOD FROM JULY 7, 1993 THROUGH AND INCLUDING MAY 24, 1995 ("CLASS MEMBERS").

PLEASE READ THIS IMPORTANT NOTICE.  THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF A CLASS ACTION AND THE DISMISSAL OF CERTAIN CLAIMS. IF YOU ARE A PERSON DESCRIBED ABOVE, THIS NOTICE CONTAINS IMPORTANT INFORMATION AS TO YOUR RIGHTS.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure and the Order of the United States District Court for the District of Delaware, filed _____, that a settlement of class claims has been reached between plaintiff and defendant Barron Chase Securities, Inc. ("Barron Chase"), subject to approval by the Court.  If approved, the settlement will result in a a settlement fund which shall be added to previous settlement funds and be disbursed as set forth below.  YOU ARE FURTHER NOTIFIED that plaintiff is seeking the dismissal of the litigation as to all remaining parties, as set forth below.

The Court will hold a hearing ("the Hearing") at _____ A.M./P.M. on _____, 2005, in Courtroom ___, United States Courthouse, 844 North King Street, Wilmington, Delaware 19801, for the purpose of determining whether the Court should approve the proposed Settlement with Barron Chase as fair, reasonable and adequate, and to consider plaintiff's counsels' request for counsel fees and reimbursement of expenses. In addition, the Court will consider at that time whether to dismiss the remaining claims in the litigation.

THIS NOTICE IS GIVEN TO INFORM ALL INTERESTED PERSONS OF THE EXISTENCE OF AND THE PROPOSED PARTIAL SETTLEMENT OF THIS CASE. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS TO PARTICIPATE IN THE SETTLEMENT ARE DESCRIBED BELOW.

2

## BACKGROUND

In the above actions Gerald Levine asserts claims for money damages under the Securities Exchange Act of 1934 against Malvy Technology, Inc. ("Malvy," the predecessor to Metal Recovery Technologies, Inc.), certain of its present or former officers and directors and their affiliates, and certain stock brokerage firms and securities advisors involved in the trading of Malvy securities. The Complaints allege in substance that the defendants conspired to induce the members of the Class, by means of misleading information disseminated to the public during the Class Period, to purchase Malvy common stock for excessive prices. The Complaints allege that defendants misrepresented the status and prospects of Malvy and a product called the Malvy Device; that certain defendants and their affiliates derived unlawful profits from sales of unregistered Malvy stock at inflated prices; that certain stock brokers were bribed to tout Malvy stock; and that such brokers and the firms that employed them are responsible for manipulating the price of Malvy stock and liable in damages to members of the Class.

All defendants denied any wrongdoing and raised various defenses, including that their disclosures were adequate and accurate, that plaintiff did not rely upon their disclosures, that defendants in good faith held the views that they disseminated to the public, and that the brokerage defendants and their agents took no action except in good faith and in accordance with law. No court has yet ruled on the merits of either the claims or the defenses.

3

On November 26, 1996, the Court ruled that the claims in Civil Action No. 95-690 ("the First Action") were to be maintained as a Class Action on behalf of all persons who purchased Malvy common stock on the open market between October 7, 1993 and May 24, 1995 inclusive (with the exception of the defendants, the Company's present and former officers and directors, any entity in which any defendant has a controlling interest, members of the families of the defendants and the legal representatives, heirs, successors or assigns of any excepted person). After extended negotiations, the parties to the First Action and certain parties to the second action agreed to a settlement of the claims asserted against them, which the Court approved on May 25, 2000, following notice to the Class and a hearing.  Parties to the first settlement were Plaintiff, Gerald Levine, and Defendants, Metal Recovery Technologies, Inc., the successor in interest to Malvy, Michael Lucas, J. Stephen Smith, Roy Pearce, William Greenwood, Michel Rabhi, Jack Alexander and certain persons alleged to be their agents, namely, David Simpson, Christopher Bateson and Ian Bertram. Excluded from the settlement were Barron Chase Securities, Lawrence Turel and Gary Salter.

The first Settling Defendants agreed to pay consideration to the Class totaling $3,250,000, comprised of $200,000 in cash and the deposit of 20,000,000 shares of the Company's stock into an Escrow Account pursuant to which the stock would be sold for the benefit of the Class. It was agreed that if the sale of those 20 million shares did not generate $3,050,000, additional MRTI shares would be provided in an effort to generate such proceeds. In addition, the Company agreed

4

to issue to the members of the Class warrants for the purchase of MRTI common stock. The Company agreed to consent to the entry of judgment to secure the amounts due under the Settlement.

Notice was sent to the Class through the Court-approved mechanism of direct mail notice to shareholders on the Company's stock transfer records, nominee notice through street name holders and Wall Street Journal notice. Based on information avaialable to counsel, it appears that defendant Barron Chase did not notify its clients of the settlement.

Following approval of the Settlement, plaintiff's counsel began the liquidation of shares of MRTI stock issued in the settlement, subject to agreed-on volume limits. However, MRTI soon filed for bankruptcy, a step which frustrated the planned consummation of the Settlement. The net proceeds on deposit from the first settlement total approximately $165,000. Certain additional expenses may further reduce that amount.

Plaintiff' counsel have worked to protect the interests of the Class in the bankruptcy, which was filed and is still pending in the U.S. Bankruptcy Court for the Northern District of Indiana. The bankruptcy proceeding has been complicated and extremely protracted because the main asset of MRTI, its rights to a technology which is claimed to enable cost-effective recovery of valuable zinc from automotive scrap metal, have largely been acquired by foreign investors. It remains possible, but is far from certain, that if the the dezincing technology is effectively commercialized, there may be

5

further payments made to the Class. The conclusion of the bankruptcy remains highly uncertain and unpredictable, however.

After investigation, Plaintiff has determined to dismiss his claims against defendants Lawrence Turel and Gary Salter on the basis that no good purpose would be served by further efforts and expense directed to those defendants, who appear to Plaintiff's satisfaction to be either impecunious or judgment proof and who have denied all liability.

In 2002, Barron Chase agreed to a $300,000 settlement, but it made only the first of three $100,000 installment payments, then defaulted on the balance. It has since ceased operations. Plaintiff believe that it is impracticable to obtain any greater payment from Barron Chase and desire to conclude the settlement for the amount actually paid, so that the claims of all class members may be processed and class counsel will be in a position to make a final distribution to the class as soon as it is feasible to do so.

Plaintiff's counsel have conducted a thorough investigation relating to plaintiff's claims and the underlying events and transactions alleged in the Complaint, including inspecting tens of thousands of documents produced by defendants. Plaintiff's counsel have also made a thorough study of the legal principles applicable to plaintiff's claims. Plaintiff desires to settle his claims against Barron Chase as set forth above, because further proceedings would be protracted and expensive, the ultimate outcome as to liability and damages is uncertain, and because, given the fact that Barron Chase is defunct, the prospect for recovery is uncertain or non-existent, so

6

that the interests of the plaintiff and the Class members would best be served by concluding the settlement at this time. In addition, counsel for plaintiff believes that, the terms of the Settlement under the circumstances are fair, reasonable and adequate, and may result in material benefits to all Class members, in the event that developments in the MRTI bankruptcy are favorable. However, the present proceeds of the settlements are nominal, and, unless there is a further recovery through the MRTI bankruptcy, any distribution will be very modest.

The sending of this Notice is not an expression by the Court of any opinion with respect to the likelihood of recovery by the plaintiff or with respect to the merits of any defense asserted by defendants. This notice is sent merely to advise you of the pendency of the actions and the proposed settlement and the rights which you have with respect to those matters. If you purchased Malvy stock for the benefit of others, you should furnish a copy of this notice to the person(s) for whom you purchased that stock.

### SETTLEMENT HEARING

Notice is hereby given, pursuant to the Court's Order of _____, 2005, that a Hearing will be held in Courtroom ___ of the United States Courthouse, 844 North King Street, Wilmington, Delaware 19801, at _____ A.M./P.M. on _____, 2005. The purpose of this Hearing is to determine whether the proposed settlement of the litigation with Barron Chase is fair, reasonable and adequate, and should be approved by the Court. In addition, at the Hearing, the Court will consider Plaintiff's request to dismiss his remaining claims against defendants Gary Salter and Larry Turel.

7

The Court will also consider at this Hearing the request of Plaintiff's counsel for an award of attorneys' fees and reimbursement of expenses. Plaintiff's counsel have reserved their rights to apply to the Court for an award of counsel fees in an amount not greater than thirty-three and one-third percent (33-1/3%) of the total value of the Barron Chase settlement funds, in addition to seeking reimbursement of counsel's out-of-pocket expenses. Any fees, expenses and other payments that the Court awards will be paid solely out of the Settlement Funds. The Hearing may be adjourned by the Court without further notice to the Class.

Any Class member may appear at the Hearing, either in person or by duly authorized counsel, and be heard in support of, or in opposition to, the fairness, reasonableness or adequacy of the proposed class action settlement and/or any requested allowance of counsel fees and costs. However, no such Class member or counsel representing any Class Member shall be heard at the Hearing, and no paper, brief, or evidence submitted by any such person shall be received or considered by the Court unless such person, on or before _____, 2005, files with this Court a notice of his intention to appear, proof of membership in the Class, a statement of the position he will assert, and the reasons for his position, along with proof of service (i.e., a statement that he has served by either first-class mail or in person) of copies of such notice and papers upon:

> Norman M. Monhait, Esquire
> Rosenthal, Monhait, Gross & Goddess, P.A.
> Citizens Bank Center, Suite 1401
> P.O. Box 1070
> Wilmington, Delaware 19899-1070

David B. Zlotnick, Esq.
1010 Second Ave., Suite 1750
San Diego, CA 92101

Attorneys for Plaintiff and the Class

## SUMMARY OF THE PROPOSED SETTLEMENT

The Settlement becomes effective only upon the final order and judgment of the Court. The proposed Settlement with Barron Chase has a value of One Hundred and Three Thousand Dollars ($103,000). If approved, those funds, net of any fees and costs awarded, will be added to the existing settlement funds and distributed to approved claimants.

If the Court approves the Settlement, the Court will enter a judgment dismissing the class action as to Barron Chase, dismissing the claims against it with prejudice and releasing and discharging Barron Chase and its agents, including its accountants, attorneys, insurers, reinsurers, underwriters and trustees, from all claims which were or could have been asserted by plaintiff and the Class members in this litigation. The effect of the dismissal of the class action is more fully set forth in the Proof of Claim and Release, which provide that each Class member, as part of the Settlement, will give up any claim he or she may have against the Settling Defendants and any of their agents which were alleged or could have been alleged in this action.

All members of the Class who have not previously excluded themselves from the Class will be bound by the terms of the Settlement and Release and any order of the Court dismissing the litigation, whether or not they file a Proof of Claim. If you do not understand

this document or its legal consequences, it is recommended that you consult with Class Counsel or with your own lawyer or other advisor.

## DISTRIBUTION OF NET SETTLEMENT FUND

The Net Settlement Fund is the remainder of the Settlement funds after deducting plaintiff's counsel fees and reimbursement of their expenses to the extent awarded by the Court, including the costs of sending the Notice of Proposed Settlement and administering the Settlement. The Net Settlement Fund will be distributed among Class members who have previously filed valid proofs of claim ("Authorized Claimants"), pursuant to a formula to be approved by the Court, and persons who file authorized claims pursuant to this Notice. Plaintiff's counsel will recommend to the Court that for those Class members who both purchased and sold Malvy common stock during the Class Period, recognized losses shall be computed by subtracting from the actual purchase price paid (including commissions) the sale price received (including commissions). For those persons who purchased Malvy common stock during the Class Period and held such stock after May 24, 1995, the recognized loss shall be computed by subtracting from the actual purchase price paid (excluding commissions) the sum of $1.25 per share, the closing price of the stock on May 24, 1995. Plaintiff will propose that all recognized losses shall be aggregated and that the Net Settlement Fund shall be distributed to all authorized claimants in proportion to their recognized losses.

## PROOFS OF CLAIM

IF YOU HAVE PREVIOUSLY FILED A CLAIM IN THIS CASE, YOU NEED NOT AND SHOULD NOT FILE A NEW ONE.  Only persons who did not previously receive Notice regarding this case may now file a claim.

Each Class Member, as defined above, who desires to assert a claim for payment from the Net Settlement Fund must submit a completed, signed Proof of Claim and Release ("Proof of Claim"), a copy of which is enclosed with this Notice, supported by the documents described in the Proof of Claim.  The Proof of Claim must be submitted as described below to:

<div align="center">

Malvy Securities Litigation
Post Office Box _____
Philadelphia, Pennsylvania 191____

</div>

ALL PROOFS OF CLAIM MUST BE POSTMARKED OR OTHERWISE SUBMITTED BY _____, 2005.  Any member of the Class who did not previously submit a claim and who now fails to submit a valid and timely Proof of Claim shall not receive any portion of the Net Settlement Fund, but will be bound by all of the terms of the Settlement and of any judgment or other order entered in this Action (unless such person has previously requested exclusion from the Class).  A Proof of Claim shall be deemed to have been submitted at the time it is actually received at the address designated above.  Submission of a Proof of Claim is not a waiver of any rights with respect to the Settlement, including the right to object to the Settlement.

If you submit a Proof of Claim, counsel for the parties are entitled to make an inquiry to ensure that you are a Class member and are entitled to a portion of the Net Settlement Fund and to confirm the

amount of your claim by using the discovery procedures provided by the Federal Rules of Civil Procedure. By submitting a Proof of Claim, you are agreeing that the United States District Court for the District of Delaware has jurisdiction with respect to your claim.

Each Proof of Claim shall be reviewed by plaintiff's counsel or their agents, who shall determine in accordance with the Stipulation and the Order for Notice of Class Action Settlement Hearing the extent, if any, to which each Proof of Claim shall be allowed, subject to review by the Court. Failure to provide the information required in the Proof of Claim may result in its rejection.

## EXAMINATION OF PAPERS

The foregoing is only a summary of the circumstances surrounding the litigation, the claims and defenses asserted, the Settlement, and the matters related thereto. For more detailed information you may inspect the pleadings and other papers on file in this litigation, which may be inspected during regular business hours at the office of the Clerk of Court, United States District Court for the District of Delaware, 844 North King Street, Wilmington, Delaware 19801, or upon reasonable advance request, through plaintiff's counsel, David B. Zlotnick, Esquire, 1010 Second Avenue, Suite 1750, San Diego, California 92101; or Norman M. Monhait, Esquire, Rosenthal, Monhait, Gross & Goddess, P.A., Citizens Bank Center, 919 Market Street, Suite 1401, Wilmington, Delaware 19801. If you have any questions with respect to this Notice, the Proof of Claim or the lawsuit generally, you should raise them with your own attorney or advisor, or direct them

12

in writing to plaintiff's counsel at the above address.  Do not address
questions to the Court or the Clerk.

Dated: August ____, 2005        ___/s/_____

                                Clerk of the Court
                                United States District Court
                                for the District of Delaware

13

## PROOF OF CLAIM AND RELEASE

IF YOU PREVIOUSLY SUBMITTED A PROOF OF CLAIM IN CONNECTION WITH THIS CASE, YOU NEED NOT AND SHOULD NOT SUBMIT ANOTHER CLAIM NOW. FOR THOSE MEMBERS OF THE CLASS WHO DID NOT PREVIOUSLY SUBMIT A CLAIM, TO BE ENTITLED TO RECEIVE ANY PAYMENT IN CONNECTION WITH THE CLASS ACTION SETTLEMENT, YOU MUST MAIL THIS PROOF OF CLAIM WITH SUPPORTING DOCUMENTS SO THAT IT IS RECEIVED ON OR BEFORE _____, 2005 TO:

<div align="center">

Malvy Securities Litigation
Post Office Box _____
Philadelphia, Pennsylvania 19103____

</div>

NO CLAIM RECEIVED AFTER _____, 2005 WILL ENTITLE YOU TO RECEIVE ANY MONEY IN THE SETTLEMENT OF THIS ACTION. A PROOF OF CLAIM SHALL BE DEEMED SUBMITTED ON THE DATE RECEIVED.

TO BE ELIGIBLE TO SHARE IN THE CLASS ACTION NET SETTLEMENT FUND, YOU MUST HAVE PURCHASED SHARES OF THE COMMON STOCK OF MALVY TECHNOLOGY, INC. THROUGH BARRON CHASE SECURITIES DURING THE PERIOD July 7, 1993 THROUGH AND INCLUDING MAY 24, 1995 (the "Class Period"). YOU ARE NOT ELIGIBLE TO PARTICIPATE AS A CLASS MEMBER IF YOU HAVE EXCLUDED YOURSELF FROM THE CLASS OR IF YOU ARE A DEFENDANT, A PAST OR PRESENT OFFICER OF MALVY, AN ENTITY IN WHICH ANY DEFENDANT HAS A CONTROLLING INTEREST, A MEMBER OF THE IMMEDIATE FAMILY OF ANY OF THE DEFENDANTS OR LEGAL REPRESENTATIVE, HEIR, SUCCESSOR OR ASSIGN OF ANY OF THE FOREGOING.

<div align="center">

14

</div>

I.   [Check appropriate lines and fill in applicable blanks.]

_____   A.   INDIVIDUAL CLAIMANT:  I am a claimant acting for myself.

_____   B.   JOINT CLAIMANT:  We are claimants acting jointly.

_____   C.   CORPORATE   CLAIMANT:   I   am   _____   of _____ whose business address is _____; I am authorized to make this claim on behalf of the corporation.

_____   D.   PARTNERSHIP   CLAIMANT:   I   am   a   general   partner   of _____, a partnership, whose business address is _____; I am authorized to make this claim on behalf of the partnership.

_____   E.   DECEDENT'S ESTATE CLAIMANT: I (we) am (are) the executor(s) of the Estate of _____ (deceased), and my (our) mailing address is _____. [Executors and Administrators must annex copies of currently effective Letters Testamentary of an appropriate court showing their authority to act as such.]

_____   F.   CUSTODIAL CLAIMANT: I, _____ am the custodian for _____,   whose   mailing   address   is _____.

_____   G.   NOMINEE, AGENT OR ATTORNEY CLAIMANT: I, _____, am nominee, agent or attorney [delete two] on behalf of _____, whose   address   is _____. [An appropriate power of attorney or other proof of authority must be submitted with this Proof of Claim.]

15

_____ H.    GUARDIAN CLAIMANT:  I (we) am (are) the guardian(s) for

_____, an incompetent, or minor whose

address is _____. [Guardians

must annex copies of currently effective orders of an

appropriate court showing their authority to act as such.]

_____ I.    IRA, KEOGH or OTHER RETIREMENT PLAN CLAIMANT:  I (we) am

(are) the trustee(s) for the _____ Plan, whose

address is _____.  I (we) am (are)

authorized to make this claim on behalf of the

_____ Plan.


II.    [Check appropriate line and fill in applicable blanks.]

_____ A.    <u>Record and Beneficial Owner(s):</u>

Claimant was or is the record and beneficial holder of shares

of Malvy Technology, Inc. common stock purchased during the

Class Period which were, to Claimant's knowledge, registered

in Claimant's name.

_____ B.    <u>Beneficial Owner(s) Only:</u>

Claimant was or is the beneficial but not record owner of

shares of Malvy Technology, Inc. common stock purchased

during the Class Period which were registered in the name of

_____, whose address is

_____.


(If your shares were purchased in your own name, check item A.  If your

securities were purchased in street name (that is, in the name of a

16

brokerage firm or other person acting on your behalf), check item B. Identify in the following space the brokerage firm(s) through which you purchased Malvy Technology, Inc. stock during the Class Period:

_____.

III. I HEREBY STATE, UNDER PENALTIES OF PERJURY, THAT I AM A CLASS MEMBER AS DEFINED ABOVE.

IV.   CLAIMANT AGREES THAT IF THE SETTLEMENT IS APPROVED BY THE COURT, ALL OF HIS OR HER CLAIMS THAT WERE ASSERTED OR THAT COULD HAVE BEEN ASSERTED IN THIS LITIGATION AGAINST BARRON CHASE OR ANY SETTLING DEFENDANT BASED ON THE PURCHASE OF MALVY TECHNOLOGY, INC. COMMON STOCK DURING THE CLASS PERIOD WILL BE EXTINGUISHED FOREVER, SUBJECT ONLY TO RECEIPT BY CLAIMANT OF ANY PAYMENT DUE, IF ANY, UNDER THE AFORESAID SETTLEMENT, EXCEPT AS OTHERWISE PROVIDED IN THE STIPULATION OF SETTLEMENT.   CLAIMANT'S SIGNATURE(S) ON THIS PROOF OF CLAIM FORM CONSTITUTES A FULL, FINAL AND COMPLETE DISCHARGE, DISMISSAL WITH PREJUDICE, SETTLEMENT AND RELEASE OF, AND AN INJUNCTION BARRING, ALL CLAIMS, RIGHTS, DEMANDS, ACTIONS, CAUSES OF ACTION, SUITS, DAMAGES, LOSSES, OBLIGATIONS, MATTERS AND ISSUES, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, CONTINGENT OR ABSOLUTE, SUSPECTED OR UNSUSPECTED, DISCLOSED OR UNDISCLOSED, HIDDEN OR CONCEALED, MATERIAL OR IMMATERIAL, WHICH HAVE BEEN, COULD HAVE BEEN, OR IN THE FUTURE CAN OR MIGHT BE ASSERTED IN THE ACTIONS OR IN ANY COURT OR PROCEEDING, BE IT FEDERAL, STATE OR GOVERNMENTAL/REGULATORY AGENCY OR AUTHORITY (INCLUDING WITHOUT LIMITATION, ANY CLAIMS ARISING UNDER FEDERAL OR STATE LAW

17

RELATING TO ALLEGED FRAUD, BREACH OF ANY DUTY, DISCLOSURE VIOLATIONS, NEGLIGENCE OR OTHERWISE) BY OR ON BEHALF OF PLAINTIFF, ANY CLASS MEMBER, WHETHER INDIVIDUAL, CLASS, DERIVATIVE, REPRESENTATIVE, LEGAL, EQUITABLE OR ANY OTHER TYPE OR IN ANY OTHER CAPACITY, WHICH HAVE ARISEN, ARISE NOW, OR HEREAFTER ARISE OUT OF OR RELATE IN ANY MANNER WHATSOEVER, DIRECTLY OR INDIRECTLY, TO THE ALLEGATIONS, FACTS, EVENTS, TRANSACTIONS, OCCURRENCES, ACTS, REPRESENTATIONS, MISREPRESENTATIONS, OMISSIONS, OR ANY OTHER MATERIAL CAUSE OR THING WHATSOEVER, OR ANY SERIES THEREOF, INVOLVED, EMBRACED, SET FORTH, REFERENCED IN OR OTHERWISE RELATED IN ANY WAY, DIRECTLY OR INDIRECTLY, TO ANY ALLEGATION OF FACT OR LAW IN THE ACTIONS INCLUDING, WITHOUT LIMITATION, ALL CLAIMS FOR CONTRIBUTION ARISING OUT OF THE ACTIONS (COLLECTIVELY, THE "SETTLED CLAIMS" OR "CLAIMS") AGAINST ANY OF THE SETTLING DEFENDANTS IN THE ACTIONS, NAMELY, METAL RECOVERY TECHNOLOGIES, INC.,   FORMERLY KNOWN AS MALVY TECHNOLOGY, INC., J. STEPHEN SMITH, ROY PEARCE, WILLIAM M. GREENWOOD, MICHAEL LUCAS, ALCARIA INVESTMENTS LIMITED, ANTHEMIS, LTD., JEPHERSON LIMITED, PLENBRICK, LTD., SOVEREIGN TRUST SERVICES LIMITED AND SUNDORNE HOLDINGS LIMITED, THEIR FAMILIES, PARENT ENTITIES, AFFILIATES, ASSOCIATES OR SUBSIDIARIES AND EACH OF THEIR RESPECTIVE PRESENT OR FORMER OFFICERS, DIRECTORS, AGENTS, EMPLOYEES, ATTORNEYS (INCLUDING, WITHOUT LIMITATION, STEIN, SIMPSON & ROSEN AND HOLTZMANN, WISE & SHEPHERD, AND THE RESPECTIVE MEMBERS AND EMPLOYEES OF THOSE FIRMS), REPRESENTATIVES, ADVISORS, INVESTMENT ADVISORS, INVESTMENT BANKERS, COMMERCIAL BANKERS, FINANCIAL ADVISORS, TRUSTEES, GENERAL AND LIMITED PARTNERS AND PARTNERSHIPS, HEIRS, EXECUTORS, PERSONAL REPRESENTATIVES, ESTATES, ADMINISTRATORS, PREDECESSORS, SUCCESSORS, ASSIGNS AND ANY OTHER PERSON

OR ENTITY ACTING FOR OR ON THEIR BEHALF (COLLECTIVELY THE "RELEASED PARTIES").

ALL OF THE INFORMATION REQUESTED ABOVE AND BELOW, INCLUDING YOUR SOCIAL SECURITY OR TAX IDENTIFICATION NUMBER, IS REQUIRED TO PROCESS YOUR CLAIM. ANY REQUIRED INFORMATION THAT IS OMITTED OR SET FORTH INCORRECTLY WILL SUBJECT YOUR CLAIM TO REJECTION. FAILURE TO ATTACH THE DOCUMENTS REQUIRED TO PROVE YOUR CLAIM OR TO LIST ALL APPLICABLE PURCHASES AND SALES MAY PREVENT YOU FROM RECEIVING ANY DISTRIBUTION UNDER THE SETTLEMENT.

ALL SPACES APPLICABLE TO YOUR CLAIM MUST BE COMPLETED. PLEASE PRINT CLEARLY IN INK IN BLOCK LETTERS.

Name _____

Name _____

Street and Number _____

Other Address Information _____

City _____ State _____ Zip Code _____

Social Security No. or other

Federal Tax Identification No. _____

V.    By submitting a Claim, Claimant states under oath and in recognition that a false statement may be regarded as perjury, that he or she: (1) is a member of the Class defined in the Notice of Proposed Settlement or is duly acting for such a person; has read and understands the contents of the Notice; agrees to be bound by its terms, and understands the consequence of submitting a proof of claim; (2) has not filed a Request for Exclusion, seeking to be excluded from the Class;

(3) has submitted all of the requested transaction information required hereby; (4) has submitted all of the documents requested in connection with this proof of claim without any alteration or modification thereof; and (5) is not himself one of Malvy's present or former officers and directors, an entity in which a defendant has a controlling interest, a member of any of the defendants' immediate families or the legal representative, heir, successor or assign of any of the foregoing excepted persons.

VI.  Claimant has signed the Proof of Claim and has enclosed satisfactory proof confirming that he purchased and sold shares at the applicable times, such as a confirmation slip or other brokerage account statement reflecting the holdings, purchases and/or sales listed on the claim form.  YOUR CLAIM MAY BE DISALLOWED UNLESS SUCH DOCUMENTS ARE ENCLOSED OR UNLESS OTHER SATISFACTORY PROOF OF PURCHASE AND SALE IS PROVIDED.

VII. I certify that the following information concerning my transactions in Malvy Technology, Inc. common stock is true and correct:

20

**PURCHASE(S) OF MALVY TECHNOLOGY, INC. COMMON STOCK**
**THROUGH BARRON CHASE SECURITIES FROM JULY 7, 1993 THOUGH MAY 24, 1995**

| Date of Purchase | Quantity | Purchase Price |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**SALE(S) ON OR BEFORE MAY 24, 1995 OF**
**MALVY TECHNOLOGY, INC. COMMON STOCK THAT WAS**
**PURCHASED DURING THE CLASS PERIOD THROUGH BARRON CHASE**

Note:  for persons who purchased Malvy on multiple occasions, in determining which shares of stock were sold during the Class Period the first-in, first-out method must be applied.

| Date of Sale | Quantity | Purchase Price |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**HOLDINGS ON MAY, 1995 OF MALVY TECHNOLOGY, INC. COMMON**
**STOCK PURCHASED FROM JULY 7, 1993 THROUGH MAY 24, 1995**

I certify that at the close of business on May 24, 1995  I held ___ shares of Malvy common stock that I purchased during the period from July 7, 1993 through May 24, 1995.

Under penalty of perjury, I (we) state that the information contained in this Proof of Claim is true and correct.

21

Dated: _____          _____

         _____          Signature(s) of Claimants(s)
                                    (If this claim is being made on
                                    behalf of joint claimants, both
                                    must sign)

                                    _____

Telephone number(s) where Claimant(s) can be reached for clarification
of claim: _____

22

## SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number

IN ORDER TO RECEIVE ANY MONEY YOU MUST ENTER YOUR TAXPAYER'S IDENTIFICATION NUMBER AND SIGNATURE BELOW IN THE APPROPRIATE PLACES.

For most individual taxpayers, this is your social security number.

| /Social Security Number | /Employer Identification Number |
|---|---|
| / | / |
| / | / |
| /__ __ __-__ __-__ __ __ __ | /__ __ - __ __ __ __ __ __ __ |

Please print here the name of the taxpayer whose identification number is written above: _____ .

I am NOT subject to backup withholding under the provisions of Section 340 (a)(1)(c) of the Internal Revenue Code. UNDER THE PENALTIES OF PERJURY, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORM IS TRUE, CORRECT AND COMPLETE.

(If this claim is being made on behalf of Joint Claimants, each must sign.)

(Signature)    _____

Date:    _____

23

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of July, 2005, two copies of the ORDER PRELIMINARILY APPROVING SETTLEMENT AND DISMISSALS AND APPROVING NOTICE OF CLASS ACTION SETTLEMENT HEARING were served electronically upon the following:

> Joanne P. Pinckney, Esquire
> Bouchard Margules & Friedlander, P.A.
> 222 Delaware Avenue, Suite 1400
> Wilmington, Delaware 19899

**and** a copy was served by first class mail, postage prepaid, upon the following:

> Barron Chase Securities
> 7700 West Camino Real
> Suite 200
> Boca Raton, Florida 33433

Raymond L. Robin, Esquire
Olle Macaulay & Zorrilla, P.A.
Suite 2200
One S.E. Third Avenue
Miami, Florida 33131-1716

Mr. William M. Greenwood
*Pro Se*
10620 Bethany Drive
Aurora, Colorado 80014

Mr. Gary Salter
c/o Sheldon Skryzlo, Esquire
210 Dundas Street West
Toronto, ON M5G 2E8
Canada

Mr. Jack Alexander
Hog Town Road
Mulberry, AZ 72947

Brian D. Graifman, Esquire
Gusrae Kaplan & Bruno
120 Wall Street
New York, New York 10005

David B. Simpson, Esquire
Stein Simpson & Rosen, P.A.
Suite 109, Two University Plaza
Hackensack, NJ 07601-6202

David S. Mandel, Esquire
Mandel & McAliley
1200 Alfred I. DuPont Building
169 East Flagler Street
Miami, FL 33131

Norman M. Monhait (DSBA No. 1040)