IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GERALD LEVINE, individually and on behalf of all others similarly situated, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION NO. 95-690 JJF |
| METAL RECOVERY TECHNOLOGIES, INC., formerly known as MALVY TECHNOLOGY, INC., J. STEPHEN SMITH, ROY PEARCE, WILLIAM M. GREENWOOD, and MICHAEL LUCAS, | : | |
| Defendants. | : | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GERALD LEVINE, individually and on behalf of all others similarly situated, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION NO. 96-525 JJF |
| METAL RECOVERY TECHNOLOGIES, INC., et al. | : | |
| Defendants. | : | |

DECLARATION OF DAVID B. ZLOTNICK, ESQUIRE,
IN SUPPORT OF JOINT PETITION FOR ATTORNEYS'
FEES AND REIMBURSEMENT OF EXPENSES

I, DAVID B. ZLOTNICK, ESQUIRE declare as follows:

1

1.  I am a member of the Bars of the Commonwealth of Pennsylvania (inactive) and the states of Arizona and California and am the founder of and sole principal in the Law Offices of David B. Zlotnick. I make this declaration in support of my firm's application for an award of attorneys' fees for services rendered to the Class in this litigation, and for reimbursement of expenses reasonably incurred in the course of such representation.

2.  My firm's compensation for the services rendered in this matter is wholly contingent. Any fees and reimbursement of expenses will be limited to such amount as may be awarded by this Court.

3.  The following is a summary description of the services rendered by my firm in connection with this litigation subsequent to our prior fee petition in May 2000 and the unreimbursed expenses for which reimbursement is requested:

I was principally responsible for investigating the claims asserted in this matter as to Defendants Barron Chase, Salter, and Turel, and negotiating and drafting the settlement agreement that was reached with Barron Chase.

I took the deposition of defendant Turel as well as several non-parties and reviewed at length the documents produced by Barron Chase. I repeatedly attempted to take the deposition of defendant Salter, engaging in correspondence with his counsel and the preparation of motions in that regard.

In addition, I was actively involved in briefing and editing the various motion papers and status reports submitted to the Court throughout the extended course of this matter.

In connection with my work on this matter, I investigated the status and financial condition of Barron Chase, Salter, and Turel, as well as researched a variety of legal issues. I also was actively involved in preparing and disseminating the Notice sent to the Class. Throughout the litigation I have regularly conferred with co-counsel and opposing counsel.

4. During the period from May 2000 through October 2005, I personally performed 236.50 hours of services in connection with this litigation (excluding extensive efforts in connection with the bankruptcy of defendant MRTI). The lodestar value of that time is $100,512.50, computing time at my current hourly rate of $425/hour. I have reviewed the time records of my firm and believe that this time appropriate and reasonable in prosecuting this complex matter.

5. During the period of May 2000 through October 2005, my firm also paid or incurred unreimbursed expenses in the amount of $5,392.52 in this matter. Those expenses were reasonably and necessarily incurred in connection with this litigation, and are comprised of:

| | |
|---|---|
| Copying and printing | $447.75 |
| Telephone | 281.21 |
| Telecopier | 164.50 |
| Postage/shipping | 245.57 |
| Court reporting services | 1,198.72 |
| Lodging and transportation | 1,731.98 |
| Computer research charges | 361.56 |
| Notice Printing & mailing | 961.23 |
| TOTAL UNREIMBURSED EXPENSES: | $ 5,392.52 |

The above-listed expenses incurred are reflected on the books and records of my law firm. Those books and records are prepared from checks, expense vouchers

and other documents which are regularly kept and maintained by my law firm and accurately reflect the expenses incurred.

6. All of the services performed by my firm in connection with this litigation were reasonably necessary to the prosecution of this case. There has been no unnecessary duplication of services for which my firm now seeks compensation.

7. The rates at which my firm seeks compensation are its usual and customary hourly rates charged for work performed for other clients, including non-contingent fee-paying clients. No adjustment was made, notwithstanding the complexity of the matters involved, the opposition encountered, the preclusion of other employment, the expected delay in payment, or other factors present in this case which might justify a higher rate of compensation. Since the inception of the firm, its rates, as they have existed at various times, have received regular judicial approval.

8. I make this declaration on November 3, 2005, at San Diego, California, subject to the penalties for perjury provided by law.

_____
David B. Zlotnick, CA Bar No. 195607

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of November, 2005, a copy of **Declaration Of David B. Zlotnick, Esquire In Support Of Joint Petition For Attorneys' Fees And Reimbursement Of Expenses** was served electronically upon:

> Joanne P. Pinckney, Esquire
> Bouchard Margules & Friedlander, P.A.
> 222 Delaware Avenue, Suite 1400
> Wilmington, Delaware 19899

**and** a copy was served by first class mail, postage prepaid, upon the following:

> Barron Chase Securities
> 7700 West Camino Real
> Suite 200
> Boca Raton, Florida 33433

Raymond L. Robin, Esquire
Olle Macaulay & Zorrilla, P.A.
Suite 2200
One S.E. Third Avenue
Miami, Florida 33131-1716

Mr. William M. Greenwood
*Pro Se*
10620 Bethany Drive
Aurora, Colorado 80014

Mr. Gary Salter
c/o Sheldon Skryzlo, Esquire
210 Dundas Street West
Toronto, ON M5G 2E8
Canada

Mr. Jack Alexander
Hog Town Road
Mulberry, AZ 72947

Brian D. Graifman, Esquire
Gusrae Kaplan & Bruno
120 Wall Street
New York, New York 10005

David B. Simpson, Esquire
Stein Simpson & Rosen, P.A.
Suite 109, Two University Plaza
Hackensack, NJ 07601-6202

David S. Mandel, Esquire
Mandel & McAliley
1200 Alfred I. DuPont Building
169 East Flagler Street
Miami, FL 33131

/s/ Norman M. Monhait
_____
Norman M. Monhait (# 1040)
ROSENTHAL MONHAIT GROSS
 & GODDESS, P.A.
919 Market Street, Suite 1401
Citizens Bank center
P.O. Box 1070
Wilmington, Delaware 19899
(302) 656-4433
Email: nmonhait@rmgglaw.com