IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GERALD LEVINE, individually and on behalf of all others similarly situated, | : | |
| Plaintiff, | : : : | |
| vs. | : : | CIVIL ACTION NO. 95-690 JJF |
| METAL RECOVERY TECHNOLOGIES, INC., formerly known as MALVY TECHNOLOGY, INC., J. STEPHEN SMITH, ROY PEARCE, WILLIAM M. GREENWOOD, and MICHAEL LUCAS, | : : : : : : | |
| Defendants. | : : | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GERALD LEVINE, individually and on behalf of all others similarly situated, | : : : : | |
| Plaintiff, | : : | |
| vs. | : : | CIVIL ACTION NO. 96-525 JJF |
| METAL RECOVERY TECHNOLOGIES, INC., et al. | : : : | |
| Defendants. | : : | |

DECLARATION OF DAVID B. ZLOTNICK, ESQUIRE

DAVID B. ZLOTNICK, ESQUIRE declares as follows:

1. I am a member of the Bars of the States of Arizona and California and co-counsel for Plaintiff and the Class in this matter. I make this Declaration in connection with the pending

1

Motion for Final Approval of the Settlement reached between Plaintiff and Barron Chase Securities, Inc. ("Barron Chase").

    2. Attached hereto is a true and correct copy of the settlement agreement that was agreed upon by Plaintiff and Barron Chase.

    3. Barron Chase made the first payment required by this agreement, but, despite my demand for payment, Barron Chase never made the final two payments of $100,000 each.

    4. In addition, Barron Chase failed to appear and provide deposition testimony as required by the settlement.

    5. I make this declaration on November 30, 2005, at Bala Cynwyd, Pennsylvania, subject to the penalties for unsworn falsification to authorities contained in 18 Pa. C.S. §4904.

                                                              David B. Zlotnick, Esquire

NO. 98-33220

| | | |
|---|---|---|
| RODNEY GERBRANDT and BARRY PERLOW, TRUSTEE, individually and on behalf of all others similarly situated, § § § § | § § | IN THE DISTRICT COURT OF HARRIS COUNTY, TEXAS |
| Plaintiffs, | § § | |
| vs. | § § | |
| METAL RECOVERY TECHNOLOGIES, INC., f/k/a MALVY TECHNOLOGY, INC., et al., | § § § § § | 165TH JUDICIAL DISTRICT |
| Defendants. | § § | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GERALD LEVINE, individually and on
behalf of all other similarly situated,

    Plaintiff,

vs.

METAL RECOVERY TECHNOLOGIES,
INC., et al.,

CIVIL ACTION
NO. 96-525 JJF

## MEMORANDUM OF UNDERSTANDING

WHEREAS, on or about October 31, 1996, a class action lawsuit was filed in the United States District Court for the District of Delaware (the "Delaware District Court") on behalf of a

purported class of purchasers of common stock of Malvy Technology, Inc. ("Malvy"), captioned <u>Levine v. Metal Recovery Technologies, Inc. et al.</u>, C.A. No. 96-525, against defendants Metal Recovery Technologies, Inc., the successor-in-interest to Malvy ("the Company"), and Barron Chase Securities, Inc., ("Barron Chase" or "Settling Defendant"), among others, seeking, <u>inter alia</u>, rescission of the investments in the Company by the members of the purported class, compensatory damages including pre-judgment interest, and attorneys' fees and expenses for prosecuting the action (the "Delaware Action");

WHEREAS, on or about January 24, 1997, defendant Barron Chase answered the Delaware Action, denying the substantive claims alleged therein;

WHEREAS, on or about July 14, 1998, a class action lawsuit was filed in the District Court for Harris County, Texas, 165th Judicial District ("Harris County District Court") on behalf of a purported class of purchasers of Malvy common stock, captioned <u>Gerbrandt v. Metal Recovery Technologies, Inc., et al.</u>, No. 98-33220, against defendants Malvy and Barron Chase, among others, seeking, <u>inter alia</u>, rescission of the investments in the Company by the members of the purported Class, compensatory damages, and attorneys' fees and costs for prosecuting the action (the "Texas Action");

WHEREAS, on or about December 17, 1998, defendant Barron Chase answered the Texas Action, denying the substantive claims alleged therein;

WHEREAS, the Class as defined in the Texas Action includes the Class as defined in the Delaware Action;

WHEREAS, the Delaware Action and the Texas Action will be collectively referred to herein as the "Actions";

KRAUSE&KALFAYAN   Fax:6192324019   Nov 22 2005 12:11   P.03

WHEREAS, for settlement purposes only with respect to the Actions, the Class consists of all person or entities who purchased the common stock of Malvy on the open market between July 15, 1993 and May 24, 1995 inclusive ("Class Period"), with the exception of defendants, their affiliates, members of the families of the individual defendants, any entity in which any of the defendants has a controlling interest, and the legal representatives, heirs, successors or assigns of the foregoing excepted individuals (the "Class" or "Class Members");

WHEREAS, the parties have conducted extensive discovery and made a thorough investigation of the facts and, having done so, plaintiffs' counsel believe that the proposed settlement of the Actions detailed below is fair, reasonable, and adequate and in the best interests of plaintiffs and Class Members;

NOW, THEREFORE, following extensive, arms' length negotiations between counsel for plaintiffs and counsel for defendant Barron Chase, these parties, by and through their counsel, have reached an agreement (the "Agreement"), embodied in this Memorandum of Understanding ("MOU") providing for the settlement of the Actions on the terms and subject to the conditions set forth below (the "Settlement"):

A.  In full settlement of any and all Claims (as defined below) that plaintiffs and the Class have against the Released Parties (as defined below), all of which Claims shall be finally and forever released and discharged, Barron Chase agrees as follows:

1.  Barron Chase or a person or entity acting on its behalf will make the following payments to plaintiffs' counsel on behalf of plaintiffs and the Class:

a.  One hundred thousand dollars ($100,000.00) within ten (10) business days of signing this MOU (the "Initial Payment Date");

-3-

b. One hundred thousand dollars ($100,000.00) within one year of the Initial Payment Date; and

c. One hundred thousand dollars ($100,000.00) within two years of the Initial Payment Date. If and to the extent any of the payments are late, they shall bear interest at the rate of one percent (1%) per month or portion thereof.

2. The above payments will be guaranteed by Robert T. Kirk.

3. On or before November 15, 1999, Barron Chase will produce all non-privileged documents that have been requested by plaintiffs, but not previously produced; and Barron Chase will produce for deposition testimony at a mutually convenient time and place within forty-five (45) days of executing this MOU the witnesses who are most knowledgeable within the organization with respect to the facts alleged in Plaintiffs' Complaints (specifically including all facts relating to the involvement of Larry Turel, Gary Salter, and Hanifen, Imhoff, Inc., insofar as that information is known or available to Barron Chase). Barron Chase will provide full, candid and complete testimony at those depositions.

B. Plaintiffs and the Class shall release and discharge Barron Chase, its parents, subsidiaries, successors, assigns, officers, directors, employees, and agents, including Robert T. Kirk, but specifically excluding any and all persons and entities currently named as defendants in either of the Actions (collectively, the "Released Parties"), from any and all claims that have been or could have been asserted in the Actions or that arise from or relate in any way to plaintiffs' and Class Members' purchases and/or sales of Malvy stock ("Claims").

1. Plaintiffs and the Class further agree that if they obtain a judgment or settlement against any of the non-settling defendants in either of the Actions, the Released Parties shall be discharged from all claims for contribution. The discharge of any and all liability of the Released

-4-

Parties shall be governed by 15 U.S.C. Section 78u-4(g)(7)(1995) and applicable principles of Texas law. In addition to the above, the plaintiffs hereby agree to reduce any subsequent liability of non-settling defendants to plaintiffs and the class to the full extent that the Released Parties are liable on a cross-claim or on a suit for contribution, and indemnify the Released Parties for same. This will apply to any and all cross-claims or suits for contribution against the Released Parties, except to the extent such a claim is brought by Hanifen, Imhoff, Inc. (or its successor) to enforce contractual indemnification rights they may have against some or all of the Released Parties.

2. Plaintiffs' counsel represent that they have not been retained to assert any claims against Barron Chase in connection with Malvy, other than those asserted in the Actions, and have no intention of bringing any additional cases or claims against Barron Chase in connection with investments in Malvy.

C. The parties to this MOU will use their best efforts to agree upon, execute and present to the Court, as soon as practicable, a formal Stipulation of Settlement and such other documents as may be necessary and appropriate to obtain the prompt approval by the Harris County District Court of this Settlement and the complete release of the Released Parties in the manner contemplated herein. The parties shall as promptly as practical thereafter obtain the dismissal of Barron Chase from the Delaware action on grounds of *res judicata*.

D. The Settlement contemplated by this Memorandum of Understanding shall be and is a binding agreement to the fullest extent permitted by law, subject only to it becoming effective under paragraph J, below. For purposes of this paragraph, the Settlement shall be deemed approved upon entry of an order of final approval by the Harris County District Court. Unless otherwise agreed by the parties, including Robert T. Kirk as guarantor, in the event the Settlement

is not approved and the respective actions dismissed by both courts within three years of the date hereof, this Memorandum of Understanding shall be null and void and of no force and effect, unless the parties agree in writing to extend such time. In the event this Memorandum of Understanding becomes null and void, it shall not prejudice in any way the positions of the parties with respect to the Actions nor entitle any party to the recovery of costs and expenses incurred to implement this Memorandum of Understanding, except for the Notice costs actually incurred, as provided in paragraph F, below; in such event, all payments made, except for the amount of such Notice expenses actually and reasonably incurred, shall promptly be refunded to the party who made the payment or to its successor in interest.

   E.   If, at any time prior to the Effective Date, a new private civil action or proceeding is filed against Barron Chase or any of the Released Parties in connection with investments in Malvy, then either Barron Chase or Robert T. Kirk may, at their election, declare this Settlement null and void and of no further force and effect by providing written notice of such election to plaintiffs' counsel within twenty (20) business days of being served with such new action.

   F.   Following execution of the Stipulation of Settlement and preliminary approval of the Settlement by the Harris County District Court, the Class Members shall be provided notice of the proposed Settlement and its terms. Said notice shall be drafted in a form and delivered to Class Members in a manner mutually agreeable to the parties and approved by the Harris County District Court. Unless distributed prior, a Notice of Class Certification will be made part of the Notice of Settlement. Plaintiffs may use up to $25,000.00 of the Settlement Fund to pay for the costs of such Notice, which costs shall be prorated if such Notice includes notice of a proposed settlement with any other defendants. Plaintiffs shall not be required to repay any such amounts actually spent on Notice to the Class should the Settlement not receive final approval. The

balance of the Settlement Fund shall be held in an escrow account bearing interest for the benefit of plaintiffs and the Class, pending the Effective Date and an Order of the Harris County District Court approving distribution of the Settlement Fund.

G. In the event that there are opt-outs from the Class representing five percent or more of the Class or claiming losses in excess of $100,000.00 with respect to purchases of Malvy stock during the Class Period through Barron Chase, then either Barron Chase or Robert T. Kirk may, at their election, declare this Settlement null and void and of no further force and effect by providing written notice of such election to plaintiffs' counsel within twenty (20) business days of being served with notice of such opt outs. Plaintiffs will serve Barron Chase with notice of the opt outs and, if known or reasonably determinable without significant effort, the percentages and dollar amounts of the claims represented by such opt outs.

H. In no event shall the Released Parties have any obligation to pay any fees, expenses or award in connection with the disposition of the Actions or the Settlement except insofar as such fees, expenses, damages or awards are paid from the Settlement Fund and approved by the Harris County District Court.

I. Subject to the approval of the Settlement and dismissal by the Harris County District Court of the Released Parties with prejudice, counsel for plaintiffs and the Class will petition the Harris County District Court for an award of counsel fees and an award of expenses actually and reasonably incurred in connection with the prosecution of the Actions. Payment of any award of attorneys' fees and expenses shall be made solely out of the Settlement Fund and, except with respect to the Notice expenses as set forth above, shall not be paid until the Effective Date.

J. The Effective Date of the Settlement shall be the date on which both of the following have occurred: (1) the Judgment of the Harris County District Court approving the Settlement has become final and is no longer subject to further appeal or review, whether by exhaustion of any possible appeal, lapse of time or otherwise; and (2) the dismissal of Barron Chase by the Delaware District Court has become final and is no longer subject to further appeal or review.

K. Neither this Memorandum of Understanding nor the provisions contained herein shall be deemed a presumption, concession or an admission by any of the Released Parties of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Actions, or any other actions or proceedings, and they shall not be so interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Actions or in any other action or proceeding, whether civil, criminal or administrative.

L. This Memorandum of Understanding and the Settlement contemplated by it shall be governed by and construed in accordance with the laws of the State of Texas.

M. This Memorandum of Understanding may be executed in any number of actual or telecopied counterparts by any of the signatories hereto, and as so executed when joined together shall constitute one agreement.

N.  This Memorandum of Understanding constitutes the entire agreement among the parties with respect to the subject matter hereof, and it may not be amended or any of its provisions waived except by a writing executed by all of the parties hereto.

DATED this 19th day of November 1999:

 

_____
David B. Zlotnick
Law Offices of David B. Zlotnick
1010 Second Avenue, Suite 1750
San Diego, CA 92101
619.232.0331
Attorneys for Plaintiffs and the Class

 

_____
Robert T. Kirk
Individually and on behalf of Barron Chase Securities, Inc.

N.   This Memorandum of Understanding constitutes the entire agreement among the parties with respect to the subject matter hereof, and it may not be amended or any of its provisions waived except by a writing executed by all of the parties hereto.

DATED this _____ day of November 1999:

                                  David B. Zlotnick
                                  Law Offices of David B. Zlotnick
                                  1010 Second Avenue, Suite 1750
                                  San Diego, CA 92101
                                  619.232.0331
                                  Attorneys for Plaintiffs and the Class

                                  _____
                                  Robert T. Kirk
                                  Individually and on behalf of Barron
                                  Chase Securities, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of November, 2005, a copy of the **Declaration Of David B. Zlotnick, Esquire** was served electronically upon:

> Joanne P. Pinckney, Esquire
> Bouchard Margules & Friedlander, P.A.
> 222 Delaware Avenue, Suite 1400
> Wilmington, Delaware 19899

**and** a copy was served by first class mail, postage prepaid, upon the following:

> Barron Chase Securities
> 7700 West Camino Real
> Suite 200
> Boca Raton, Florida 33433

Raymond L. Robin, Esquire
Olle Macaulay & Zorrilla, P.A.
Suite 2200
One S.E. Third Avenue
Miami, Florida 33131-1716

Mr. William M. Greenwood
*Pro Se*
10620 Bethany Drive
Aurora, Colorado 80014

Mr. Gary Salter
c/o Sheldon Skryzlo, Esquire
210 Dundas Street West
Toronto, ON M5G 2E8
Canada

Mr. Jack Alexander
Hog Town Road
Mulberry, AZ 72947

Brian D. Graifman, Esquire
Gusrae Kaplan & Bruno
120 Wall Street
New York, New York 10005

David B. Simpson, Esquire
Stein Simpson & Rosen, P.A.
Suite 109, Two University Plaza
Hackensack, NJ 07601-6202

David S. Mandel, Esquire
Mandel & McAliley
1200 Alfred I. DuPont Building
169 East Flagler Street
Miami, FL 33131

/s/ Norman M. Monhait
Norman M. Monhait (# 1040)
ROSENTHAL MONHAIT GROSS
 & GODDESS, P.A.
919 Market Street, Suite 1401
Citizens Bank center
P.O. Box 1070
Wilmington, Delaware 19899
(302) 656-4433
Email: nmonhait@rmgglaw.com